CATHEY v. NORFOLK & W. RY. CO. et al.*

(Circuit Court of Appeals, Fourth Circuit. September 16, 1915.)

No. 1360.

INJUNCTION ⬦⟹145—UNITED STATES COURTS—ISSUANCE OF INJUNCTION ON AF-
    FIDAVIT—RULE OF COURT.
    Under Equity Rule 73 (198 Fed. xxxix, 115 C. C. A. xxxix), regulating
    the matter of issuance of preliminary injunctions in the federal courts,
    and providing that no preliminary injunction shall be granted without
    notice, etc., and that no temporary restraining order shall be granted
    unless it shall appear from the verified bill or by affidavit that immediate
    and irreparable loss will result, where a District Court issued an in-
    junction restraining plaintiff in an action in the state court from proceed-
    ing in such court merely upon an affidavit of defendant's counsel in the
    state court, such issuance was improper, since the filing of a properly
    verified bill in the federal court is a necessary condition precedent to the
    issuance of an injunction.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 318, 321;
    Dec. Dig. ⬦⟹145.]

Appeal from the District Court of the United States for the West-
ern District of North Carolina, at Asheville; James E. Boyd, Judge.

Action by Sam Cathey, by next friend, Homer J. Cathey, against the
Norfolk & Western Railway Company and others. Defendants filed a
transcript of the record in the District Court, and on affidavit secured
an order restraining plaintiff from proceeding in the trial court. To
an order continuing such restraining order in force, plaintiff excepted
and appeals. Decree granting an injunction reversed, and cause re-
manded, with directions.

R. R. Williams, of Asheville, N. C. (Jones & Williams, of Asheville,
N. C., on the brief), for appellant.

James G. Merrimon, of Asheville, N. C. (Merrimon, Adams & Ad-
ams and Martin, Rollins & Wright, all of Asheville, N. C., on the
brief), for appellees.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. On the 7th day of February, 1914,
plaintiff instituted an action for damages in the superior court of Bun-
combe county, state of North Carolina, against the defendants, Nor-
folk & Western Railway Company, Virginia-Carolina Railway Com-
pany, Callahan Construction Company, Dupont Powder Company, Lee
J. Smith, R. Fain Smith, and Joe Jordan, for damages for personal
injuries, and a summons was issued returnable at a term of court
beginning March 12, 1914. This summons was not served, and on
March 16, 1914, of the return term, the plaintiff secured an order for
an alias summons, and an alias summons was issued on March 31st,
returnable at a term of court beginning Monday, April 27th. On
April 16th, more than ten days before the first day of the return term,
this summons was served on Callahan Construction Company, Lee J.

Smith, R. Fain Smith, and Joe Jordan. The service on the Virginia-Carolina Railway Company was defective, and there was no service on Norfolk & Western Railway Company, or Dupont Powder Company. On April 27th, the first day of the return term, an order for pluries summons was secured and pluries summons issued on April 27, 1914, returnable to a term of court beginning on Monday, May 18, 1914. On May 7th, this summons was served on Virginia-Carolina Railway Company, and on May 8th it was served on Norfolk & Western Railway Company. No service was made on Dupont Powder Company and it is no longer a party defendant.

On May 29th, within the first three days of the return term as to Callahan Construction Company, Lee J. Smith, R. Fain Smith, and Joe Jordan, the plaintiff filed his complaint against all the defendants, alleging that the Norfolk & Western Railway Company and Virginia-Carolina Railway Company were corporations engaged in the railroad business, and Callahan Construction Company, Lee J. Smith, and R. Fain Smith were engaged in the construction business and at the time of the plaintiff's injuries, December 15, 1913, the defendants were engaged in the work of constructing a railroad and railroad bed in Ashe county, N. C., and in blasting rocks and dirt for said operations; that, at the time of the injuries, Joe Jordan was an employé of the defendants, and through him the other defendants lighted in a negligent manner a fuse of the charge of dynamite, the explosion of which caused the injuries complained of, and handled the same in a negligent manner so as to cause the injuries, and negligently failed to notify the plaintiff and give him warning that the fuse had been lighted and of the dangers of the explosion of the dynamite, the injuries herein complained of being caused by the joint negligence of the defendants; that Joe Jordan was an incompetent and inexperienced and negligent coservant for the work in which he was engaged; that the other defendants knew that he was negligent and incompetent and negligently retained him in their service; that the plaintiff and Joe Jordan were to light two fuses for the purpose of blasting; that the plaintiff lit his fuse and was informed by Joe Jordan that the fuse which he was to light had not been lighted; that the plaintiff and Jordan left the place of blasting to await the explosion of the plaintiff's fuse; that they retired to a safe distance and did wait until the fuse which the plaintiff lighted had exploded; that afterwards, without fault on the part of the plaintiff, the plaintiff returned to light the other fuse, and just after he reached the fuse the dynamite exploded and seriously and permanently injured the plaintiff, making him totally blind.

The defendants Callahan Construction Company, Lee J. Smith, and R. Fain Smith, did not file an answer or petition to remove at any time during the return term which began on April 27, 1914, but came into court on the last day of the return term on May 14, 1914, and entered a special appearance and secured an order from the presiding judge allowing them 20 days in which to file a petition to remove. The plaintiff excepted to this order. The court adjourned on the same day that this order was secured, and the petition of the defendants Virginia-Carolina Railway Company, Callahan Construction Company,

Lee J. Smith, and R. Fain Smith, to remove the case to the federal court, was not filed until June 1, 1914.

At the April term, 1914, of the superior court of Buncombe county, a general order was made which, among other things, provides that:

"In all cases on the civil issue and summons dockets wherever the complaint has been filed, it is hereby ordered that the defendants have thirty days from date within which to file answer or demurrer."

The return term for the Norfolk & Western Railway Company and Virginia-Carolina Railway Company began on May 18, 1914, and adjourned May 21, 1914. No answer nor petition to remove, was filed by these defendants during the return term as to them, but on May 19, 1914, the defendant Norfolk & Western Railway Company secured an order allowing it ten days after the adjournment in which to file its petition to remove, and the plaintiff excepted to this order. The petition of the Norfolk & Western Railway Company was not filed until May 31, 1914.

The defendants did not have a hearing upon these motions to remove within 30 days after the filing of the petition nor until the August term, 1914, although a regular term of court convened on July 13, 1914, and adjourned on July 25, 1914. No order allowing defendants time to answer was made at the term of court commencing May 18, 1914. At the August term, 1914, the court made an order denying the motion of the defendants to remove. The defendants thereafter filed a transcript of the record in the United States District Court for the Western District of North Carolina, and on November 12, 1914, plaintiff excepted. The plaintiff proceeded with his case in the state court, and on January 27, 1915, J. G. Merrimon, of counsel for defendants, made an affidavit in the case and secured a restraining order from the United States District Judge, restraining the plaintiff from proceeding in the state court. On February 15, 1915, the plaintiff served notice upon the defendants that on February 20, 1915, it would move before the United States District Judge to have the restraining order vacated, and on this date the motion was heard and refused and the restraining order continued in force. Plaintiff excepted, and the case comes here on appeal.

The sole question presented by this appeal is as to whether the court below, upon the affidavit filed by the appellee, had the power to grant a temporary injunction restraining the plaintiff from proceeding in the state court. The record discloses the fact that the affidavit in question was filed in the case pending on the law side of the docket.

It is insisted by counsel for appellant that the proceeding in the court below was irregular, and that therefore the injunction was improvidently granted. It is also insisted that if the court below had authority to grant the injunction it would be the duty of this court to pass upon the question as to whether the law case was properly removed from the state court. In other words, to determine as to whether the court below, in view of the facts, acquired jurisdiction over the same.

On the other hand, it is insisted by counsel for appellee that if the proceedings in the court below were not, technically speaking, proper,

nevertheless the affidavit should be treated as a bill for the purpose of this suit. It is further insisted that, if this court should treat the affidavit as a bill in equity, it would not examine the record in the lawsuit for the purpose of determining the question as to whether the court had jurisdiction.

Equity Rule 73 (198 Fed. xxxix, 115 C. C. A. xxxix) embodies the principles long established and enforced by the federal courts in proceedings wherein injunctions are sought to be obtained. The rule in question is in the following language:

"No preliminary injunction shall be granted without notice to the opposite party. Nor shall any temporary restraining order be granted without notice to the opposite party, unless it shall clearly appear from specific facts, shown by affidavit or by the verified bill, that immediate and irreparable loss or damage will result to the applicant before the matter can be heard on notice. In case a temporary restraining order shall be granted without notice, in the contingency specified, the matter shall be made returnable at the earliest possible time, and in no event later than ten days from the date of the order, and shall take precedence of all matters, except older matters of the same character. When the matter comes up for hearing the party who obtained the temporary restraining order shall proceed with his application for a preliminary injunction, and if he does not do so the court shall dissolve his temporary restraining order. Upon two days' notice to the party obtaining such temporary restraining order, the opposite party may appear and move the dissolution or modification of the order, and in that event the court or judge shall proceed to hear and determine the motion as expeditiously as the ends of justice may require. Every temporary restraining order shall be forthwith filed in the clerk's office."

In discussing this question, Hughes on Federal Procedure (2d Ed.) p. 428, among other things, says:

"Thus the theory as to issuing injunctions in the federal courts is simple, and thoroughly settled both by the statutes and decisions. It is, in the first place, the filing of the bill and the issuing of an order to show cause; in the next place, the issuing of a temporary restraining order in the exceptional cases where that order is necessary to preserve the status quo. * * *"

Thus it will be seen that a court of equity is without power to issue an injunction unless there is a properly verified bill upon which to base the same. That many of the assignments of error could have been determined by this court if the proceedings had been properly instituted in the court below by filing a bill for injunction is undoubtedly true, but owing to the state of the pleadings that court was without power to grant the injunction, and as a result this court is not in a position to pass upon the other questions sought to be determined by this appeal.

For the reasons stated, the decree of the lower court granting an injunction is reversed, and the case remanded, with instructions to proceed in accordance with the views herein expressed.

Reversed.